# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 23-mj-181 |
| | : |
| ANNA LICHNOWSKI, | : |
| | : |
| Defendant. | : |

## ORDER

On August 8, 2023, Defendant filed a motion to admit *pro hac vice* attorney Augustus Invictus. That motion included a declaration in which Invictus affirmed that no proceedings had been initiated against him which could lead to denial of bar admission, disbarment, suspension from practice, reprimand, denial of "in good standing" status, or other discipline by any court, bar association, grievance committee, or administrative body. ECF No. 10-2 at 1. The motion was granted the same day. ECF No. 11. On August 10, 2023, the chambers of the undersigned received an *ex parte* request from Invictus to submit an *ex parte* letter providing additional context regarding the affirmation noted above. The chambers of the undersigned provided an email address to which Invictus could submit that communication and noted that it may ultimately be filed on the public docket. The letter clarifies that Invictus has been charged in Virginia with a violation of Virginia Code § 18.2-423.01, which makes it a crime for any person to, "with the intent of intimidating any person or group of persons, burn[] an object" on the private property of another without permission or on a highway or other public place "in a manner having a direct tendency to place another person in reasonable fear or apprehension of death or bodily injury." Invictus also asserts that he has informed Defendant of the pending charges. Because the letter clarifies or corrects a representation made in a publicly filed declaration that the Court relied on in granting the motion for admission

*pro hac vice*, the Court finds that it should be filed on the public docket.

Additionally, courts have noted that a criminal defendant's representation by an attorney who is or may also be a criminal defendant can constitute a conflict of interest, although such a conflict is generally found in situations where there is a "nexus" between the two cases that does not appear to be present here.  *See, e.g.*, *Taylor v. United States*, 985 F.2d 844, 846 (6th Cir. 1993) (finding no "actual conflict of interest" where the defendant and his attorney "were indicted for separate [drug] crimes by two different authorities"); *United States v. Balzano*, 916 F.2d 1273, 1293 (7th Cir. 1990) ("When a criminal defendant asserts that an investigation of the criminal activities of his attorney creates a conflict between the attorney's interest in protecting himself from criminal investigation and the defendant's interest in effective representation, we have held that an 'actual conflict of interest' exists only where there is a danger that the defense attorney would ineffectively represent his client because of fear that authorities might become aware of the attorney's own misconduct if he undertook effective representation."); *Rugiero v. United States*, 330 F. Supp. 2d 900, 907 (E.D. Mich. 2004) ("There is no doubt . . . that [Petitioner's attorney] labored under an actual conflict of interest during his representation of Petitioner. . . .  [T]he same prosecutor's office, the United States Attorney's Office for the Eastern District of Michigan in Detroit, was heading the . . . investigation [of the attorney] and prosecuting [his] client, Petitioner."); *White v. Warden, Ross Corr. Inst.*, 540 F Supp. 3d 757, 762 (S.D. Ohio 2021) (finding no actual conflict of interest where the defendant and his attorney were before different judges in the same court and were prosecuted by different prosecutor's offices), *aff'd sub nom. White v. Phillips*, 66 F.4th 615 (6th Cir. 2023).  Nevertheless, out of an abundance of caution, the Court will order the government to offer its views on the propriety of this representation.

Accordingly, it is hereby

**ORDERED** that the Clerk of Court shall file a copy of the August 10, 2023 letter to the undersigned regarding "Pro Haec Vice Admission, U.S.A. v. Lichnowski, 1:21-mj-00181 [*sic*]," as an attachment to this Order.  It is further

**ORDERED** that, on or before August 18, 2023, the government shall inform the Court, in a filing on the public docket, of its views regarding the representation.

**SO ORDERED.**

_____
The Honorable G. Michael Harvey
United States Magistrate Judge