The Invictus Law Firm, P.A.
1879 Lee Road
Winter Park, FL 32789

**LET THIS BE FILED**

10 August 2023

Magistrate Judge G. Michael Harvey
The U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Re: <u>Pro Haec Vice Admission, U.S.A. v. Lichnowski, 1:21-mj-00181</u>

Magistrate Judge Harvey,

We submitted our Motion for Pro Haec Vice Admission on 08 August 2023, the date of Ms. Lichnowski's Initial Appearance before Your Honor. Attached to the Motion was my Declaration and Certificate of Good Standing from the Florida Bar.

    Item 6 of the Declaration asks: "Have any proceedings which could lead to any such disciplinary action been instituted against you in [the Florida Bar]?" I answered "No," which answer I maintain. But upon further reflection, Mr. Roberts and I believe it best that we should, in full candor to the Court and in an abundance of caution, clarify this item as follows.

    Last week, I self-reported to the Florida Bar that I had been arrested for an alleged offense in Virginia stemming from my presence at a political rally six years ago. So far, nine of us have been charged with "Burning an Object with the Intimidate" (Va. Code § 18.2-423.01) for having held a torch at a torchlit procession.

    Having self-reported, the Bar asked me for a letter explaining the circumstances of my arrest, which letter I provided immediately. I have since been informed by the Bar that this matter is in deferment until the conclusion of the trial in March 2024. In Florida, we do not consider this a proceeding, as it is not being investigated and will not be forwarded to a grievance committee unless I am convicted; which, considering the fact that I am innocent, will not happen.

    Furthermore, this is not the first time I have dealt with this issue. Two years ago, I was asked to take two of the J6 cases. I had been arrested on different false charges in the State of South Carolina at that time, and I contacted both the Florida and D.C. Bars to ask for clarification on Item 6. The Florida Bar said that it did not consider there to be any proceedings until the outcome of the trial, assuming the outcome was negative, but that it would be up to the D.C. Bar's interpretation. The D.C. Bar concurred. Ultimately, however, I did not take either of the cases and did not end up filing for admission at that time.

    Mr. Roberts and I both agree that no proceedings have been instituted against me, and that the Declaration filed with this Court is wholly accurate. However, in full candor and an abundance of caution, we decided that this point should be clarified before any other party might seek to question the veracity of the Declaration.

    It should also be noted that the client is fully informed of this situation, both because my arrest was national news and because I have discussed this with her.

Please let us know whether there is any further clarification or explanation required by the Court. Also, this letter, because it concerns Pro Haec Vice Admission, is being sent *ex parte*. If the Court believes that a copy should be provided to the Government, please let us know.

Sincerely,

Augustus Invictus, Esq.